**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| Michael Kelly and Bonnie Kelly,<br><br>                                    Plaintiffs,<br><br>        -v-<br><br>LCL Construction Services LLC, Carlos Moscardi, Julian A. Arias, and John F. Cardona Alvarez,<br><br>                                    Defendants. | 2:23-cv-7566<br>(NJC) (AYS) |

**MEMORANDUM AND ORDER**

NUSRAT J. CHOUDHURY, District Judge:

Plaintiffs Michael Kelly and Bonnie Kelly (together, "Plaintiffs") have brought this action against LCL Construction Services LLC ("LCL Construction"), Carlos Moscardi ("Moscardi"), Julian A. Arias ("Arias"), and John F. Cardona Alvarez ("Alvarez," and together, "Defendants"), alleging state law causes of action and invoking this Court's diversity jurisdiction under 28 U.S.C. § 1332. (Compl., ECF No. 1.) The Court issued an Order requiring Plaintiffs to show cause why this action should not be dismissed for lack of subject matter jurisdiction. (Order to Show Cause, Elec. Order, July 1, 2024.) Plaintiffs' response to the Order to Show Cause (ECF No. 27) fails to establish that this Court has diversity jurisdiction. Accordingly, the Complaint is dismissed without prejudice for lack of jurisdiction under Rule 12(h)(3) of the Federal Rules of Civil Procedure ("Fed. R. Civ. P.").[1]

---

[1] Plaintiffs have filed a letter with the Court indicating their intention to file a voluntary stipulation of dismissal as to Defendants Arias and Alvarez. (ECF No. 32.) Even if Arias and Alvarez are dismissed from this action, however, the Plaintiffs have still failed to establish diversity of citizenship between the remaining parties.

**LEGAL STANDARDS**

"It is a fundamental precept that federal courts are courts of limited jurisdiction and lack the power to disregard such limits as have been imposed by the Constitution or Congress." *Platinum-Montaur Life Scis., LLC v. Navidea Biopharms., Inc.*, 943 F.3d 613, 616–17 (2d Cir. 2019) (citations and quotation marks omitted). As the Second Circuit has recognized, "[p]erhaps the most important limit is subject-matter jurisdiction, which defines a court's competence to adjudicate a particular category of cases." *Id.* (citation and quotation marks omitted). "It is well-settled that the party asserting federal jurisdiction bears the burden of establishing jurisdiction," and district courts "may not assume subject-matter jurisdiction when the record does not contain the necessary prerequisites for its existence." *Id.* at 617–18 (quotation marks omitted).

This Court has an independent obligation to determine whether subject matter jurisdiction exists over this case. *See Joseph v. Leavitt*, 465 F.3d 87, 89 (2d Cir. 2006). Diversity jurisdiction under 28 U.S.C. § 1332(a) requires complete diversity among the plaintiffs and defendants and that the amount in controversy exceed $75,000. *See Tagger v. Strauss Grp. Ltd.*, 951 F.3d 124, 126 (2d Cir. 2020). "[F]ailure of subject matter jurisdiction is not waivable and may be raised at any time by a party or by the court *sua sponte*." *Lyndonville Sav. Bank & Tr. Co. v. Lussier*, 211 F.3d 697, 700 (2d Cir. 2000). When a district court lacks subject matter jurisdiction, it must dismiss the action. *See Do No Harm v. Pfizer Inc.*, 96 F.4th 106, 121 (2d Cir. 2024); Fed. R. Civ. P. 12(h)(3).

**DISCUSSION**

Plaintiffs have failed to establish that this Court has diversity jurisdiction over this action because Plaintiffs have not established the citizenship of LCL Construction and have thus failed to establish complete diversity among the parties.

2

I.       **Citizenship of Individuals**

"An individual's citizenship, within the meaning of the diversity statute, is determined by his domicile," or in other words, "the place where a person has his true fixed home and principal establishment, and to which, whenever he is absent, he has the intention of returning." *Van Buskirk v. United Grp. of Cos., Inc.*, 935 F.3d 49, 53 (2d Cir. 2019).

It is well-established that allegations of "residence alone [are] insufficient to establish domicile for jurisdictional purposes." *Id.*; *accord RainMakers Partners LLC v. NewSpring Cap., LLC*, No. 23-cv-899, 2024 WL 1846321, at *2 n.1 (2d Cir. Apr. 29, 2024) ("[A] complaint that alleges that the plaintiff and defendant are merely residents of different states has failed adequately to allege the existence of diversity jurisdiction."); *Canouse v. Protext Mobility, Inc.*, No. 22-cv-1335, 2023 WL 3490915, at *1 (2d Cir. May 17, 2023) ("[I]t is well-established that allegations of residency alone cannot establish citizenship.") (citing *Canedy v. Liberty Mut. Ins. Co.*, 126 F.3d 100, 103 (2d Cir. 1997)). In order to determine an individual's domicile, courts consider factors including:

> current residence; voting registration; driver's license and automobile registration; location of brokerage and bank accounts; membership in fraternal organizations, churches, and other associations; places of employment or business; . . . payment of taxes; . . . whether a person owns or rents his place of residence; the nature of the residence (i.e., how permanent the living arrangement appears); . . . and the location of a person's physician, lawyer, accountant, dentist, stockbroker, etc.

*Lever v. Lyons*, No. 16-cv-5130, 2021 WL 302648, at *7 (E.D.N.Y. Jan. 28, 2021) (citations omitted); *see also Lawrence Moskowitz CLU Ltd. v. ALP, Inc.*, 830 F. App'x 50, 51 (2d Cir. 2020) ("[T]he determination of domicile considers factors such as voting, taxes, property, bank accounts, places of business or employment.") (citation omitted).

Plaintiffs' allegations made "upon information and belief" are insufficient to establish the individual Defendants' citizenship for purposes of showing complete diversity among the parties.

*See Snyder Corp. v. Fitness Ridge Worldwide, LLC*, No. 18-cv-351, 2018 WL 1428254, at *2

(W.D.N.Y. Mar. 22, 2018) (establishment of diversity requires affirmative statements of the

identity and citizenship of all parties and the members thereof; conclusory statements upon

information and belief are insufficient); *see also Enteado v. Hi-Power Cycles, LLC*, No. 16-cv-

996, 2016 U.S. Dist. LEXIS 28880, at *2 (D.N.J. Mar. 7, 2016) (allegations of more than one

principal place of business for a corporation, and/or allegations of diverse citizenship made upon

information and belief, are insufficient to establish diversity jurisdiction).

     a.   <u>Plaintiffs Michael and Bonnie Kelly</u>

Plaintiffs have submitted affidavits sworn by both Michael and Bonnie Kelly, in which

both Plaintiffs attest that they have lived and worked in New York for three years, have New

York driver's licenses and a car registered in New York, and filed tax returns in New York in

2023. (ECF No. 27-8 ¶¶ 4–5, 7–9; ECF No. 27-9 ¶¶ 4–9.) Plaintiffs have also submitted a

scanned copy of both Bonnie and Michael Kelly's New York driver's licenses, their car

registration documents, and the first page of their jointly filed 2023 New York State tax return.

(ECF Nos. 27-10–27-12.) Based on these filings, Plaintiffs have established that Michael and

Bonnie Kelly were both domiciled in New York at the time the Complaint was filed on October

11, 2023, in that New York was the location of their "true fixed home and principal

establishment, and to which, whenever [they were] absent," they had "the intention of returning."

*Van Buskirk*, 935 F.3d at 53; *see also Lever*, 2021 WL 302648, at *7.

     b.   <u>Individual Defendant Moscardi</u>

The Complaint alleges that, "[u]pon information and belief, Mr. Carlos

Moscardi . . . reside[s] at 920 NW 7 St., Boca Raton FL," and that, "[u]pon information and

belief, Mr. Carlos Moscardi intends to dispose of his assets in the United States and move back

to his native Argentina." (Compl. ¶¶ 13, 15.) In response to the Court's Order to Show Cause, Plaintiffs submitted a Westlaw Person Search Report for Moscardi generated on June 4, 2024. (ECF No. 27-5; *see also* ECF No. 27-1 ¶ 6.) This report states that Moscardi's residential address is in Florida, as stated on his Bank Account Header records and his credit records, and that Moscardi has a Florida Driver's license and a car registered in Florida. (ECF No. 27-5.) The car registration records show that his car has been registered in Florida since September 2018. (*Id.* at 10.) The section of the report with Moscardi's property tax records is redacted. (*Id.* at 2.) Credit records reflect that Moscardi had previous Florida addresses in 2015–2020 and had a previous New York address as of 2005. (*Id.* at 6.) Credit records also lists two "Other Address[es]" as being in New York, as reported in June 2020. (*Id.* at 8.) Plaintiffs also submitted an affidavit sworn by Arias, Alvarez, and Moscardi on November 10, 2023. (ECF No. 27-4; ECF No. 27-1 ¶ 5.) In this affidavit, Moscardi attests that Arias has never been an owner of Moscardi's painting company but does address his own domicile or facts demonstrating his domicile. (ECF No. 27-2 at 2.)

This evidence together is sufficient at this stage to establish that Moscardi was domiciled in Florida in October 2023 when the Complaint was filed because he had Florida addresses since 2015, his car had been registered in Florida since 2018, and he had not had another listed address outside of Florida since 2020. (ECF No. 27-5.)

c.  Individual Defendant Julian A. Arias

The Complaint alleges that, "[u]pon information and belief, Mr. Julian A. Arias resides at 1500 SW 7th St., Boca Raton FL." (Compl. ¶ 14.) In their November 10, 2023 affidavit, Arias and Alvarez attest that they have not been managers or owners of Moscardi's painting company, but state nothing about their place of domicile. (ECF No. 27-4 at 1–2.) In response to the Court's

Order to Show Cause, Plaintiffs also submitted a Westlaw Person Search Report for Arias generated on July 17, 2024. (ECF No. 27-6; *see also* ECF No. 27-1 ¶ 7.) This Report shows that Arias has owned property in Florida since October 2022 and has had a car registered in Florida since September 2022. (ECF No. 27-6.) With this evidence, Plaintiffs have established that Arias was domiciled in Florida at the time the Complaint was filed.

> d.   Individual Defendant Alvarez

The Complaint alleges that "[u]pon information and belief, . . . Mr. John F. Cardona Alvarez reside at 920 NW 7 St., Boca Raton FL." (Compl. ¶ 13.) In response to the Court's Order to Show Cause, Plaintiffs submitted a Westlaw Person Search Report for Alvarez generated on July 17, 2024. (ECF No. 27-7; *see also* ECF No. 27-1 ¶ 8.) This report shows that Alvarez has owned property in Florida since October 2021 and received a traffic infraction in Florida with a disposition date of December 2022. (ECF No. 27-7.) This evidence establishes that Alvarez was domiciled in Florida at the time the Complaint was filed.

## II.   LCL Construction

Plaintiffs have failed to establish the citizenship of LCL Construction. For the purposes of diversity jurisdiction, "the citizenship of a limited liability company is determined by the citizenship of each of its members." *Carter v. HealthPort Techs., LLC*, 822 F.3d 47, 60 (2d Cir. 2016). Plaintiffs submitted a 2022 Florida Limited Liability Company Reinstatement Form filed by Moscardi on February 9, 2022 for LCL Construction ("2022 Reinstatement Form") (ECF No. 27-2) and a 2023 Florida Limited Liability Company Annual Report filed by Moscardi on March 10, 2023 ("2023 Annual Report") (ECF No. 27-3). The 2022 Reinstatement Form lists three "Authorized Person(s)": Moscardi, Arias, and Alvarez. (ECF No. 27-2.) The 2023 Annual Report lists one "Authorized Person[]": Moscardi. (ECF No. 27-3.) Neither of these documents

establish that the listed "Authorized Person(s)" are members of LCL Construction, let alone that those individuals are the *only* members of LCL Construction. Moreover, federal courts have consistently found that Florida limited liability company annual reports do not establish the members of an LLC for the purposes of diversity jurisdiction. *See e.g.*, *Saadi v. Maroun*, No. 07-cv-1976, 2018 WL 1863834, at *2 (M.D. Fla. Feb. 23, 2018) (finding that a Florida annual report did not "evince a single-member LLC" because Florida's "legislative scheme did not require the LLC to list in the annual report all its members") (citing Fla. Stat. § 6-5.0212"), *report and recommendation adopted*, 2018 WL 1282325 (M.D. Fla. Mar. 13, 2018); *NASCAR Licensed Ops., LLC v. Racetime RV Resorts, LLC*, No. 14-cv-1553, 2014 WL 12625947, at *2 (M.D. Fla. Dec. 17, 2014); *Loanwise Fin., LLC v. Walle*, No. 17-cv-878, 2017 WL 11036828, at *2 (M.D. Fla. June 6, 2017) ("Plaintiff's Articles of Incorporation and 2017 Florida Limited Liability Company Annual Report do not identify Plaintiff's manager (currently, an LLC with a Florida address) as a member of Plaintiff."); *AFCO Credit Corp. v. Randall Transp. LLC*, No. 23-cv-207, 2023 WL 2810701, at *1 (M.D. Fla. Apr. 6, 2023) (finding that while the Florida LLC Annual Report "identif[ied] two <u>managers</u> of the [defendant] limited liability company," it did "not establish that the identified persons are [the] LLC's members, much less its only members." (emphasis in original)).

Plaintiffs have also submitted affidavits from Alvarez, Arias, and Moscardi, which affirm that neither Alvarez nor Arias have ever owned any part of Moscardi's painting company but do not identify the members of LCL Construction or establish the citizenship of those members. (ECF No. 27-4.) Without such information, Plaintiffs have failed to demonstrate the citizenship of LCL Construction. *See Carter*, 822 F.3d at 60. Plaintiffs have therefore failed to establish that Plaintiffs, who are New York citizens, are completely diverse from all Defendants.

## CONCLUSION

Plaintiffs have failed to establish that the parties to this action are completely diverse, as is required for jurisdiction under 28 U.S.C. § 1332(a). This action is therefore dismissed without prejudice for lack of subject matter jurisdiction pursuant to Rule 12(h)(3), Fed. R. Civ. P. Accordingly, Plaintiffs' pending motion for default judgment (ECF No. 24) is dismissed as moot. The Clerk of Court shall enter judgment and close this case.

Dated: Central Islip, New York
       January 10, 2025

<em>/s/ Nusrat J. Choudhury</em><br>
NUSRAT J. CHOUDHURY<br>
United States District Judge