UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| Michael Kelly and Bonnie Kelly,<br><br>                                    Plaintiffs,<br><br>-v-<br><br>LCL Construction Services LLC, Carlos Moscardi, Julian A. Arias, and John F. Cardona Alvarez,<br><br>                                    Defendants. | 2:23-cv-7566<br>(NJC) (AYS) |

**MEMORANDUM AND ORDER**

NUSRAT J. CHOUDHURY, District Judge:

Plaintiffs Michael Kelly and Bonnie Kelly (together, "Plaintiffs") brought this action against LCL Construction Services LLC ("LCL Construction"), Carlos Moscardi ("Moscardi"), Julian A. Arias ("Arias"), and John F. Cardona Alvarez ("Alvarez," and together, "Defendants"), alleging state law causes of action and invoking this Court's diversity jurisdiction under 28 U.S.C. § 1332. (Compl., ECF No. 1.) On January 10, 2025, I issued a Memorandum and Order ("Order") dismissing the action for lack of subject matter jurisdiction because the Complaint failed to establish the citizenship of Defendant LCL Construction, thereby failing to establish complete diversity of citizenship between the parties as required for diversity jurisdiction. (Order Dismissing Case, ECF No. 33.)

Before me is Defendants' Motion for Reconsideration of the January 10, 2025 Order under Rule 59(e) of the Federal Rules of Civil Procedure ("Fed. R. Civ. P.") and Local Civil Rule 6.3. (Mot. Recons., ECF No. 35). For the following reasons, I deny the Motion for Reconsideration.

1

**PROCEDURAL HISTORY**

Plaintiffs filed the Complaint in this action on October 11, 2023. (ECF No. 1.) On July 1, 2024, I issued an Order requiring Plaintiffs to show why this action should not be dismissed for lack of subject matter jurisdiction. (Show Cause Order, Elec. Order, July 1, 2024.) Plaintiffs filed a response to the Order to Show Cause on July 22, 2024. (ECF No. 27.) As proof of LCL Construction's citizenship, Plaintiffs submitted a 2022 Florida Limited Liability Company Reinstatement Form filed by Moscardi on February 9, 2022 for LCL Construction ("2022 Reinstatement Form") (ECF No. 27-2) and a 2023 Florida Limited Liability Company Annual Report for LCL Construction filed by Moscardi on March 10, 2023 ("2023 Annual Report") (ECF No. 27-3).

I reviewed these documents and determined that neither of them established the citizenship of LCL Construction. (Order Dismissing Case at 6–7.) As I noted in the January 10, 2025 Order dismissing the Complaint, the 2022 Reinstatement Form lists three "Authorized Person(s)": Moscardi, Arias, and Alvarez, and the 2023 Annual Report lists one "Authorized Person[]": Moscardi. (*Id.*; ECF Nos. 27-2–3.) I found that "[n]either of these documents establish that the listed 'Authorized Person(s)' are members of LCL Construction, let alone that those individuals are the *only* members of LCL Construction." (Order Dismissing Case at 6–7 (emphasis in original).) Moreover, I found opinions out of the Middle District of Florida persuasive where the court had determined that Florida LLC annual reports and articles of incorporation do not identify the members of an LLC for the purposes of diversity jurisdiction. *See id.*; *see, e.g.*, *Saadi v. Maroun*, No. 07-cv-1976, 2018 WL 1863834, at *2 (M.D. Fla. Feb. 23, 2018) (finding that a Florida LLC annual report did not "evince a single-member LLC" because Florida's "legislative scheme did not require the LLC to list in the annual report all its members"

2

(citing Fla. Stat. § 6-5.0212)), *report and recommendation adopted*, 2018 WL 1282325 (M.D. Fla. Mar. 13, 2018); *NASCAR Licensed Ops., LLC v. Racetime RV Resorts, LLC*, No. 14-cv-1553, 2014 WL 12625947, at *2 (M.D. Fla. Dec. 17, 2014) (finding that a Florida LLC annual report only identified the "MGR" (manager) of the defendant LLC but "not the sole member of [the LLC]"); *Loanwise Fin., LLC v. Walle*, No. 17-cv-878, 2017 WL 11036828, at *2 (M.D. Fla. June 6, 2017) ("Plaintiff's Articles of Incorporation and 2017 Florida Limited Liability Company Annual Report do not identify Plaintiff's manager (currently, an LLC with a Florida address) as a member of Plaintiff."); *AFCO Credit Corp. v. Randall Transp. LLC*, No. 23-cv-207, 2023 WL 2810701, at *1 (M.D. Fla. Apr. 6, 2023) (finding that while a Florida LLC annual report "identif[ied] two managers of the [defendant] limited liability company," it did "not establish that the identified persons are" the "LLC's members, much less its only members." (emphasis in original)).

The Clerk of this Court entered judgment on January 14, 2025 (ECF No. 34), and on January 28, 2025, Plaintiffs filed a Motion for Reconsideration of my Order (Mot. Recons.).

## LEGAL STANDARD

Rule 59(e) provides that "[a] motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment." Fed. R. Civ. P. 59(e). The standards governing motions to alter or amend a judgment under Rule 59(e) and motions for reconsideration under Local Rule 6.3 are identical. *Raymond v. 1199 SEIU Nat'l Benefit Fund*, No. 20-cv-10380, 2025 WL 588412, at *4 (S.D.N.Y. Feb. 24, 2025). Courts should grant reconsideration "only when the movant identifies an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." *Metzler Inv. Gmbh v. Chipotle*

3

*Mexican Grill, Inc.*, 970 F.3d 133, 142–43 (2d Cir. 2020).[1] "The standard for granting such a motion is strict." *Cho v. Blackberry Ltd.*, 991 F.3d 155, 170 (2d Cir. 2021). Indeed, "[t]he manifest injustice standard is, by definition, deferential to district courts and provides relief only in the proverbial rare case." *Corsair Special Situations Fund, L.P. v. Nat'l Res.*, 595 F. App'x 40, 44 (2d Cir. 2014).

"Rule 59 is not a vehicle for relitigating old issues, presenting the case under new theories, securing a rehearing on the merits, or otherwise taking a second bite at the apple." *Analytical Survs., Inc. v. Tonga Partners, L.P.*, 684 F.3d 36, 52 (2d Cir. 2012). A party's "disagreement" with the court's "explication of the relevant legal standards and application of the standards to the facts of th[e] case" does not justify the grant of a motion for reconsideration. *McGraw-Hill Glob. Educ. Holdings, LLC v. Mathrani*, 293 F. Supp. 3d 394, 398 (S.D.N.Y. 2018).

## DISCUSSION

The Clerk entered judgment on January 14, 2025 (ECF No. 34), and Plaintiffs filed their motion fourteen days later on January 28, 2025 (Mot. Recons.). Therefore, Plaintiffs' motion is timely because it was filed within 28 days after the entry of judgment. *See* Fed. R. Civ. P. 59(e).[2]

---

[1] Unless otherwise indicated, case quotations omit all internal quotation marks, alterations, brackets, and citations.

[2] Local Rule 6.3 provides that "[u]nless otherwise provided by the court or by statute or rule (such as Fed. R. Civ. P. 50, 52, and 59), a notice of motion for reconsideration must be served within 14 days after the entry of the court's order being challenged." However, the "fourteen-day limitation applicable to Local Rule 6.3 only applies [u]nless otherwise provided by the Court or by statute or rule. Thus, most courts have found that Local Rule 6.3 does not supplant the time limit applicable to motions brought under Rule 59(e)." *Levitant v. Workers Comp. Bd. of New York*, No. 16-cv-6990, 2019 WL 5853438, at *2 (S.D.N.Y. Nov. 8, 2019) (collecting cases).

4

Plaintiffs make two arguments in the Motion for Reconsideration. First, they claim that I overlooked evidence that Moscardi is a managing member of LCL Construction and that there is no evidence to suggest the existence of further members. Plaintiffs thus suggest that I made a clear error warranting reconsideration. Second, they argue that they conducted a reasonable inquiry into LCL Construction's membership, but Defendants' default foreclosed them from pursuing jurisdictional discovery. (Mot. Recons. at 3–5.) According to Plaintiffs, my ruling that the annual reports and articles of incorporation of LCL Contruction were insufficient to establish its membership forecloses individuals in Plaintiffs' position from ever "be[ing] able to adequately establish the existence of diversity jurisdiction." (*Id.* at 4.) Plaintiffs second argument thus boils down to the contention that dismissing the action rewarded Defendants for defaulting and thereby caused Plaintiffs a manifest injustice. (*Id.* at 5.) I address each argument individually.

First, although Plaintiffs attempt to argue that I overlooked evidence that Moscardi was a managing member, they do not identify any newly available evidence that would warrant reconsideration or identify any clear error in my analysis of the record. *See Metzler*, 970 F.3d at 142 (recognizing reconsideration due to the "availability of new evidence"). Instead, Plaintiffs simply point to evidence that the January 10, 2025 Order found insufficient to establish LCL Construction's citizenship. That evidence is as follows:

1. Defendants admitted in their Answer that Moscardi is a member and manager of LCL Construction and denied that any other defendants to the action are members of LCL Construction. (Mot. Recons. at 3 (citing Answer ¶ 12, ECF No. 15).)

2. Public records do not indicate that anyone other than Moscardi has a membership interest in LCL Construction. (*Id.* (citing ECF Nos. 27-2–3, 27-5, 27-7).)

3. The 2022 Reinstatement Form and 2023 Annual Report each include a certification from Moscardi "that I am a *managing member* or manager of the limited liability company." (*Id.* (citing ECF Nos. 27-2–3) (emphasis in Mot. Recons.).)

5

4. Moscardi attested that Alvarez and Arias had "never been an owner or partner in *my* company" or taken part in "*my* contracts." (ECF No. 27-4 at 4–5 (emphasis added); *see also* Mot. Recons. at 3.)

5. A Westlaw Person Search Report for Moscardi indicates that Moscardi is a joint debtor alongside LCL Construction in a UCC filing. (Mot. Recons. at 4 (citing ECF No. 27-5).)

The January 10, 2025 Order identifies all of the factual submissions to which Plaintiffs refer even though it does not specially mention each individual statement set forth in these documents. (*See* Order Dismissing Case at 5–7.) Plaintiffs submitted these documents in response to my Order to Show Cause, and I reviewed each of them in finding that Plaintiffs had not submitted any evidence that identified all of LCL Construction's members. (*See id.*) Although the Order does not discuss Defendants' Answer, I reviewed that pleading before dismissing Plaintiff's action and the admissions within the Answer do not establish subject matter jurisdiction for the reasons discussed below.

Plaintiffs have failed to show that my application of the law to these facts constituted "clear error." *Metzler*, 970 F.3d at 142–43. For the purposes of diversity jurisdiction, "the citizenship of a limited liability company is determined by the citizenship of each of its members." *Carter v. HealthPort Techs., LLC*, 822 F.3d 47, 60 (2d Cir. 2016). Although Defendants admitted that Moscardi is a member of LCL Construction, they have not admitted that he is the *only* member of LCL Construction. (*See* Answer ¶ 12 (admitting only the allegations in paragraph 12 of the Complaint, "except deny that Julian A. Arias and John F. Cardona Alvarez are members and mangers of LCL"); *see also* Compl. ¶ 12 (pleading only that Moscardi, Arias, and Alvarez "are all members and managers of LCL"); *id.* ¶ 75(c) (seeking liability against "other principals, officers, members, and owners of LCL . . . presently unknown to [Plaintiffs]").). The other evidence cited by Plaintiffs does not establish that fact either.

6

Evidence that Moscardi describes LCL Construction as "*my* company," (ECF No. 27-4 at 4 (emphasis added)), and that he is listed on public documents as a joint debtor and "managing member *or manager* of the limited liability company," (ECF 27-2–3, 27-5 (emphasis added)), do not even establish that Moscardi is a member of LCL Construction much less that he is the only member. *See* Fla. Stat. Ann. § 605.04072 (making clear that a person "need not be a member to be a manager."). Likewise, although Plaintiffs argue that public documents do not list any other individuals with possible membership interests in LCL Construction, they ignore the Middle District of Florida cases the January 10, 2025 Order found persuasive, which held that Florida LLC annual reports and articles of incorporation do not identify all members of an LLC for purposes of diversity jurisdiction. (*See* Order Dismissing Case at 7 (discussing *Saadi*, 2018 WL 1863834, at *2; *NASCAR Licensed Ops.*, 2014 WL 12625947, at *2; *Loanwise Fin., LLC*, 2017 WL 11036828, at *2; and *AFCO Credit Corp.*, 2023 WL 2810701, at *1).) Thus, Plaintiffs' first argument reflects only a "disagreement" with my "application of the standards to the facts of th[e] case," *McGraw-Hill*, 293 F. Supp. 3d at 398, and fails to show a clear error in my analysis or the availability of new evidence.

Plaintiffs' second argument for reconsideration also fails because Plaintiffs have not shown that dismissal caused a manifest injustice. Plaintiffs argue that they conducted a reasonable inquiry into LCL Construction's citizenship and that a plaintiff will never be able to establish the existence of diversity jurisdiction in cases involving an LLC if an LLC's public filings are insufficient to establish its citizenship. (Mot. Recons. at 4–5.) However, "[i]t is well-settled that the party asserting federal jurisdiction bears the burden of establishing jurisdiction," and district courts "may not assume subject-matter jurisdiction when the record does not contain the necessary prerequisites for its existence." *Platinum-Montaur Life Scis., LLC v. Navidea*

7

*Biopharms., Inc.*, 943 F.3d 613, 617–18 (2d Cir. 2019). The Second Circuit has acknowledged that this "may make it more difficult for many business entities," including LLCs, "to sue or to be sued in federal court under diversity jurisdiction." *Id.* at 619. To be sure, "the combination of the statutory requirements for diversity jurisdiction and the lack of public information about ownership of unincorporated associations often makes it difficult to proceed in federal court when a case involves a limited liability company." *Kenshoo, Inc. v. Aragon Advert.*, LLC, 586 F. Supp. 3d 177, 181 (E.D.N.Y. 2022). But "that is the way Congress wants it" and it "is not up to the courts to amend the statute to increase the reach of federal jurisdiction." *Id.* Thus, even though "[p]ublic filings for LLCs generally do not disclose" who their members are, this does not excuse Plaintiffs from the requirement that each member of an LLC must "be specifically identified and its citizenship alleged" in order to show the LLC's citizenship. *Beristain v. 103 Ditmas LLC*, No. 25-cv-727, 2025 WL 524660, at *1 (E.D.N.Y. Feb. 18, 2025).

Plaintiffs' argument that failure to grant reconsideration will result in manifest injustice because it rewards defaulting Defendants who can "avoid the consequences of their actions at the detriment of others" is similarly unpersuasive. (Mot. Recons. at 5.) Because "it is not up to the Courts to amend" the diversity jurisdiction statute, "there is no reason to stretch the requirements for subject matter jurisdiction when plaintiff can walk across the street . . . and have the same law applied to its claims" in state court "that would be applied here." *Kenshoo*, 586 F. Supp. 3d at 181–82. Thus, dismissing this action does not reward Defendants for defaulting but instead simply requires that Plaintiffs seek relief in state court for state law claims.

## CONCLUSION

For the reasons set forth above, Plaintiffs have not identified any intervening change in controlling law, new evidence, or the need to correct clear error or prevent a manifest injustice

8

that would warrant reconsideration under Rule 59(e), Fed. R. Civ. P., or Local Rule 6.3.

Accordingly, Plaintiff's Motion for Reconsideration (ECF No. 35) is denied.


Dated: Central Islip, New York
       June 27, 2025

                                         */s/ Nusrat J. Choudhury*
                                         NUSRAT J. CHOUDHURY
                                         United States District Judge